JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Jane Walker ("Walker"), appeals the trial court's dismissal of her complaint with prejudice in favor of defendants-appellees, Cleveland Clinic Foundation, Claire Young, and Susan Paschke (collectively referred to as "CCF"). Finding no merit to the appeal, we affirm the judgment of the trial court.
 {¶ 2} In 2006, Walker filed a complaint against CCF, alleging race discrimination, age discrimination, retaliation, and intentional infliction of emotional distress. In 2006 and 2007, Walker was represented by two separate attorneys before deciding to proceed pro se. There were ongoing discovery disputes between Walker and CCF, which led both sides to file numerous motions to compel.
 {¶ 3} A pretrial hearing was scheduled for December 11, 2007. Walker appeared and asked for a continuance, claiming she was in the process of obtaining new counsel. The court granted her oral motion and set a new date. Walker did not appear at the rescheduled pretrial so the trial court set another date. Walker again failed to appear, and the trial court set a final pretrial conference for February 20, 2008, which Walker did not attend. CCF subsequently filed a motion to dismiss the case with prejudice pursuant to Civ. R. 41(B). Walker opposed the motion, arguing in part that she was not obligated to appear for any court dates while her affidavit of disqualification of the trial judge was pending with the Ohio Supreme Court.[1] *Page 4 
 {¶ 4} The trial court granted CCF's motion, finding that Walker had repeatedly failed to appear for scheduled court dates, had engaged in other dilatory conduct including the refusal to schedule her deposition, and had been given proper notice of possible dismissal and an opportunity to respond.
 {¶ 5} Walker now appeals, raising two assignments of error for our review. In the first assignment of error, Walker argues that the trial court erred in dismissing her complaint against CCF with prejudice without first "expressly and unambiguously giving proper notice of its intention to dismiss" her case with prejudice.
 {¶ 6} Civ. R. 41(B) governs involuntary dismissals and provides that "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A trial court's decision to dismiss an action pursuant to Civ. R. 41(B)(1) will not be overturned on appeal absent an abuse of its discretion. Ina v. George Fraam Sons, Inc. (1993), 85 Ohio App.3d 229,231, 619 N.E.2d 501. An abuse of discretion is more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 7} Notice is an "indispensible prerequisite" for a dismissal for failure to prosecute. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 2-3,454 N.E.2d 951, 952. It constitutes an abuse of the trial court's discretion to dismiss an action for failure to prosecute where no notice is given to the plaintiff or plaintiff's counsel. Levy v. Morrissey
(1986), 25 Ohio St.3d 367, 368, 496 N.E.2d 923. The purpose of the *Page 5 
notice requirement is to afford the plaintiff the opportunity to "explain or correct [any] nonappearance" or to show why the case should not be dismissed. Cook v. Transamerica Ins. Servs. (1990),70 Ohio App.3d 327, 330, 590 N.E.2d 1382. The notice requirement of Civ. R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 684 N.E.2d 319. "[T]he notice required by Civ. R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances." Id., citing Logsdon v. Nichols, 72 Ohio St.3d 124, 129, 1995-Ohio-225,647 N.E.2d 1361.
 {¶ 8} Our review of the trial court's dismissal pursuant to Civ. R. 41(B) involves two steps. First, we must determine if the trial court provided the plaintiff with sufficient notice prior to the dismissal. Second, we must determine whether the dismissal constituted an abuse of discretion. Asres v. Dalton, Franklin App. No. 05AP-632, 2006-Ohio-507, ¶ 14.
 {¶ 9} Walker concedes that she received CCF's motion to dismiss; in fact, she filed a response to the motion. She argues that the trial court erred without first providing her with clear notice of its intent to dismiss the action with prejudice. She claims that the trial court knew that she was attempting to obtain new counsel and it was not her intent to serve as a pro se litigant. She urges this court to follow the Ohio Supreme Court's holding in Logsdon, supra. In Logsdon, neither the plaintiffs nor their counsel appeared on the scheduled trial date, and the trial court dismissed the case with prejudice due to the plaintiffs' failure to prosecute. The Ohio *Page 6 
Supreme Court reversed, holding that the record disclosed no notice to plaintiffs or their counsel that the action was subject to dismissal with prejudice and plaintiffs' counsel had no opportunity to explain their nonappearance. Id. Unlike the case at bar, the trial court inLogsdon sua sponte dismissed the plaintiffs' complaint. In the instant case, Walker's complaint was dismissed with prejudice as a result of CCF's motion to dismiss.
 {¶ 10} This court has found that when a defendant files a motion to dismiss for want of prosecution, and the court affords the plaintiff the opportunity to respond, the notice requirement of Civ. R. 41(B)(1) is met. Shafron v. Erie Rd. Dev. Co., Cuyahoga App. No. 90675,2008-Ohio-3813, ¶ 15, citing Quonset; see, also, Sazima v. Chalko,86 Ohio St.3d 151, 156, 1999-Ohio-92, 712 N.E.2d 729 (finding that a pending motion to dismiss was sufficient to put the plaintiff on implied notice of an impending dismissal). In this case, Walker received notice of the possibility that her case could be dismissed with prejudice when CCF filed its motion to dismiss in February 2008. Therefore, Walker had proper prior notice that dismissal with prejudice was a possibility.
 {¶ 11} Next, we find that the trial court did not abuse its discretion in granting CCF's motion. The record reflects that Walker failed on three separate occasions to attend pretrials, failed to move for a continuance in writing or explain her repeated absences, and did not cooperate with CCF in the discovery process. Thus, we find that Walker was adequately notified of the potential for dismissal of her *Page 7 
complaint, and the trial court acted within its discretion in granting CCF's motion to dismiss.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} In the second assignment of error, Walker contends that the trial court terminated her ability to conduct pretrial discovery "regarding a fundamental factual issue in order to expedite the conclusion of the case." Within this assignment of error, Walker argues that the trial court erred when it granted CCF's motion to compel and ordered her to pay attorney fees and expenses in the amount of $2,130.
 {¶ 14} First, Walker fails to support any of her claims with citations to authority or the record or otherwise show how the trial court erred. Contrary to Walker's assertion that the trial court somehow did not allow her to complete discovery, the trial court never set a pretrial discovery deadline. We also find no error with the court granting CCF's motion to compel Walker to execute a release of her medical records because Walker repeatedly refused to sign a release.[2] Finally, in regard to the attorney fees claim, Walker never responded to CCF's motion for attorney fees or appeared at the hearing on the motion.
 {¶ 15} Therefore, the second assignment of error is overruled.
 {¶ 16} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] The Ohio Supreme Court denied Walker's affidavit of disqualification in April 2008.
[2] The record shows that Walker eventually complied with the trial court's order and executed the release. *Page 1