[Cite as *Whipple v Estate of Prentiss*, 2020-Ohio-2825.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTOPHER WHIPPLE,  :

    Plaintiff-Appellant,  :

                             No. 108659

    v.  :

ESTATE OF CAROLINE PRENTISS,  :
ET AL.,

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-905957

---

### *Appearances:*

Bradley Hull, IV, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Christopher Whipple appeals from the trial court's order dismissing his complaint without prejudice for want for prosecution pursuant to Civ.R. 41(B)(1) after his counsel failed to appear for a scheduled pretrial conference. For the reasons that follow, we reverse the trial court's decision.

**Procedural and Factual Background**

{¶ 2} On August 18, 2017, Whipple, pro se, filed a complaint in the Cuyahoga County Court of Common Pleas. After he retained counsel, Whipple was granted leave to file an amended complaint. The amended complaint named the Estate of Caroline Prentiss, Pamela Herrara and Michael Coyne as defendants. On June 29, 2018, Whipple voluntarily dismissed his complaint without prejudice. Approximately four months later, on October 25, 2018, he refiled his complaint pursuant to Ohio's savings statute, adding the Trust of Caroline Prentiss as an additional defendant. Whipple's refiled complaint asserted claims of breach of contract, tortious interference with business relations, promissory estoppel, fraud, fraud in the inducement, unjust enrichment, interference with expectancy of inheritance, negligence with willful and wanton misconduct, defamation, libel and conversion claims against the defendants.

{¶ 3} The trial court scheduled a telephonic case management conference for December 31, 2018. The order setting the conference stated, in relevant part:

> CMC by phone set for 12/31/2018 at 08:45 am. Failure of the plaintiff to appear for this CMC will result in a dismissal without prejudice. All parties['] counsels are to call the conference call number * * * and enter access code * * * at the scheduled date and time. Counsel for plaintiff(s) shall inform all opposing counsel and unrepresented parties of the date, time and conference call directions. Case management conference (CMC) will be conducted by telephone. * * * *Failure to appear at any court scheduled event in the future may result in dismissal of plaintiff's claims for want of prosecution* or judgment rendered against defendant. * * *

(Emphasis added.)

**{¶ 4}** On January 8, 2019, after the telephonic case management conference in which all parties participated, the trial court issued a further scheduling order. That scheduling order stated, in relevant part:

> CMC by phone held on 12/31/2018. All parties appeared through counsel and agreed to the following case schedule: discovery cutoff is 03/29/2019. On 03/29/2019 this case is to be referred to the ADR department for mediation to be mediated no later than 08/09/2019. Plaintiff's expert report due 03/29/2019. Defendant's expert report due 04/29/2019. Dispositive motion to be filed by 05/13/2019. * * * Pretrial set for 05/07/2019 at 09:30 am. Courtroom 23-A. All parties including those with settlement authority must be present. Pretrial to be conducted by telephone to act as a settlement conference in this matter. Final pretrial set for 08/13/2019 at 09:30 am. Courtroom 23-A. All parties including those with settlement authority must be present. Jury trial set for 09/09/2019 at 08:30 AM. *Failure to appear at any court scheduled event in the future may result in dismissal of plaintiff's claims for want of prosecution* or judgment rendered against defendant. * * *

(Emphasis added.)

**{¶ 5}** Neither Whipple nor his counsel appeared for the May 7, 2019 pretrial conference or contacted the trial court regarding the conference. On May 10, 2019, the trial court issued an order, dismissing Whipple's complaint without prejudice. The trial court's May 10, 2019 journal entry stated, in relevant part:

> Pretrial was held on 05/07/2019. Defendant appeared through counsel. Plaintiff failed to appear or contact the court by phone. Pursuant to Civ.R. 41 and this court's prior order, dated 01/08/2019, this case is hereby dismissed without prejudice for want of prosecution. Final. * * *

**{¶ 6}** On May 16, 2019, Whipple filed a motion for relief from judgment under Civ.R. 60(B), or, in the alternative, a motion to vacate or for reconsideration.

{¶ 7} In a supporting affidavit submitted with the motion, Whipple's counsel averred that he had believed the May 7, 2019 pretrial conference was a telephonic conference and that the court would initiate the call for the conference because there was no scheduling order requiring him to do so. Whipple's counsel further averred that at the time of the scheduled pretrial conference, he "was engaged in multiple different matters simultaneously" and that "due to the press of business and multiple other [c]ourt conflicts," he "did not follow up with the [c]ourt" after he did not receive a call from the court for the pretrial conference.

{¶ 8} According to Whipple's counsel, later that morning, he received a call from opposing counsel inquiring about his failure to appear for the pretrial conference. He claimed that opposing counsel "notified [him] of words to this effect: 'the [c]ourt said they will give you the benefit of the doubt, and assume you were not able to successfully navigate the phone system this morning. They said that this matter will be re-scheduled as a pre-trial on May 20, 2019, and your attendance is required on that day.'" Having known and worked with opposing counsel for a number of years, Whipple's counsel did not follow up with the court and simply assumed that the pretrial conference would be rescheduled.

{¶ 9} Whipple's counsel claimed that Whipple had been aggressively and zealously prosecuting the case since August 2017 and had a meritorious claim to present at trial, which he summarized as follows:

> [Whipple] performed work for the late Caroline Prentiss for almost 30 years that was worth a very substantial amount of money to her, on the promise that he would be paid eventually, but he never was paid. The

reason he never was paid was the wrongful interference of Defendants with his relationship with Caroline Prentiss, their slander and defamation of him, and other actions which entitle him to relief under all the causes of action he has asserted in this matter.

{¶ 10} On May 29, 2019, the trial court summarily denied Whipple's motion.

{¶ 11} Whipple appealed, raising the following two assignments of error for review:

First Assignment of Error: The trial court erroneously dismissed plaintiff's case for want of prosecution after the court did not initiate a telephonic pre-trial with plaintiff's counsel and defendants' counsel on May 7, 2019.

Second Assignment of Error: The trial court committed reversible error when it did not grant relief from judgment as sought by plaintiff on May 16, 2019.

**Law and Analysis**

{¶ 12} In his first assignment of error, Whipple argues that the trial court abused its discretion in dismissing his complaint for want of prosecution because (1) neither he nor his counsel was at fault for failing to appear for the May 7, 2019 pretrial conference and (2) the trial court's sanction, functioning as a dismissal with prejudice, was too "harsh."

{¶ 13} Civ.R. 41(B) governs dismissals for failure to prosecute. Civ.R. 41(B)(1) provides:

Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 14} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199

(1982). As a general matter, a trial court abuses its discretion where its decision is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Where a case is dismissed with prejudice, however, appellate courts apply a heightened abuse-of-discretion standard of review. *See, e.g., Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997) ("[A]lthough reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits."); *Simmons v. Narine*, 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 7 (8th Dist.) ("Because it is such a harsh sanction, 'forever deny[ing] a plaintiff a review of a claim's merits,' we review a trial court's decision to dismiss a case with prejudice pursuant to Civ.R. 41(B)(1) under a 'heightened' abuse-of-discretion standard."), quoting *Ocran v. Richlak*, 8th Dist. Cuyahoga No. 99856, 2013-Ohio-4603, ¶ 12.

{¶ 15} In this case, the trial court did not dismiss Whipple's complaint with prejudice; it entered an order expressly dismissing Whipple's complaint "without prejudice." However, as Whipple points out, because he had previously voluntarily dismissed his complaint and then refiled it under Ohio's savings statute, the trial court's dismissal without prejudice, in effect, functioned as a dismissal with prejudice, "bar[ring] his ability to ever re-file the case." *See, e.g., Vaught v. Pollack*, 8th Dist. Cuyahoga No. 103819, 2016-Ohio-4963, ¶ 13 ("'A party can use the savings statute to refile a case one time only.'"); *see also Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21; *Wolfe v. Priano*, 5th Dist. Perry No.

2008-CA-8, 2009-Ohio-2208, ¶ 5, 14-32; *Gamble v. Patterson*, 155 Ohio App.3d 320, 2003-Ohio-6276, 801 N.E.2d 465, ¶ 19-21 (7th Dist.).

{¶ 16} In *St. Vincent Charity v. Michael Paluscsak*, 8th Dist. Cuyahoga No. 108641, 2020-Ohio-1501, this court held that the heightened abuse-of-discretion standard extends to a trial court's dismissal "without prejudice" that has the "effect of * * * a dismissal with prejudice." *Id.* at ¶ 23, 26-27. Accordingly, our review of the trial court's dismissal of Whipple's complaint involves two elements. We must determine whether the trial court provided sufficient prior notice to Whipple or Whipple's counsel that the case could be dismissed under Civ.R. 41(B)(1), and we must determine whether the dismissal constituted an abuse of the trial court's discretion under the heightened abuse-of-discretion standard. *Simmons*, 2014-Ohio-2771, 15 N.E.3d 1206, at ¶ 9, citing *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 8.

**Notice of the Possibility of Dismissal**

{¶ 17} Before a trial court can properly dismiss a party's claim for failure to prosecute under Civ.R. 41(B)(1), the record must show that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No. 91287, 2009-Ohio-238, ¶ 12, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995). The purpose of the notice requirement is to provide a party who is in default of a court order an opportunity to correct or explain the circumstances of the party's default and to provide reasons why the case should not be dismissed with prejudice. *Id.*; *see also Youngblood v. Kindred Healthcare*, 8th

Dist. Cuyahoga No. 94442, 2010-Ohio-4358, ¶ 13 ("The purpose of such notice is to allow a party to explain the circumstances causing his or her nonappearance and why the case should not be dismissed with prejudice."). Civ.R. 41(B)(1)'s notice requirement is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). What constitutes notice and an opportunity to be heard regarding a possible dismissal is examined on a case-by-case basis. *Hill v. Marshall*, 10th Dist. Franklin No. 12AP-805, 2013-Ohio-5538, ¶ 8. "'[T]he notice required by Civ.R. 41(B)(1) need not be actual but may be implied when reasonable under the circumstances.'" *Sazima v. Chalko*, 86 Ohio St.3d 151, 155, 712 N.E.2d 729 (1999), quoting *Quonset* at 49; *see also Walker* at ¶ 7.

### Heightened Abuse-of-Discretion Standard

{¶ 18} Dismissal with prejudice is an extremely harsh sanction. *Willis v. RCA Corp.*, 12 Ohio App.3d 1, 465 N.E.2d 924 (8th Dist.1983), paragraph one of the syllabus ("Dismissal with prejudice for nonappearance at a pretrial hearing is a drastic remedy which should be used sparingly and in extreme situations."). The power of the trial court to prevent undue delays and control its docket must be balanced against the policy that favors disposition of litigation on the merits. *Id.* at 3.

{¶ 19} Consistent with the "basic tenet of Ohio jurisprudence that cases should be decided on their merits," *Jackson v. Cleveland,* 8th Dist. Cuyahoga No.

83060, 2003-Ohio-7079, ¶ 9, a dismissal with prejudice is reserved for "extreme circumstances" in which a party's conduct "'falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.'" *Sazima*, 86 Ohio St.3d at 158, 712 N.E.2d 729, quoting *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 70, 479 N.E.2d 879 (1985). A party's conduct must be "'so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" *Sazima* at 158, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992).

{¶ 20} In *St. Vincent Charity*, this court recently reversed a trial court's dismissal of a defendant's counterclaim based on the defendant's counsel's failure to appear for a pretrial conference. 2020-Ohio-1501, ¶ 49-50. The court concluded both that the trial court did not provide sufficient prior notice to the defendant or his counsel before dismissing the counterclaim and that the trial court abused its discretion in dismissing the counterclaim where (1) the defendant vigorously defended his counterclaim for nearly two years, (2) the defendant's failure to participate in the conference was the result of an "inadvertent communication and scheduling error" between the defendant's two attorneys, (3) one of the defendant's attorneys was "under the impression" that, due to the status of the mediation in the case, the parties were only required to provide a mediation status update to the trial court on the previously scheduled pretrial date rather than participate in the pretrial

conference, (4) neither the trial court nor opposing counsel attempted to contact the defendant's counsel regarding the missed pretrial conference and (5) the record reflected that the trial court "may have been confused" regarding "the effect of the dismissal." *Id.* at ¶ 32-33, 37-38, 40, 45-46, 48.

{¶ 21} However, this case is distinguishable from *St. Vincent Charity* in certain respects. In this case, Whipple does not dispute that he was given sufficient prior notice that his complaint could be dismissed if his counsel failed to appear for the May 7, 2019 pretrial conference. The trial court clearly and unambiguously stated in its January 8, 2019 scheduling order that "[f]ailure to appear at any court scheduled event in the future may result in dismissal of plaintiff's claims for want of prosecution," reiterating an identical warning it had made in its November 29, 2018 order.

{¶ 22} Also, in this case, the trial court expressly noted in its judgment entry dismissing the case that "[p]laintiff failed to appear *or contact the court by phone.*" (Emphasis added.) Thus, the trial court's decision to dismiss the case appears to have been based both on Whipple's counsel's failure to appear for the pretrial conference and his failure to contact the court regarding his failure to appear.

{¶ 23} In *St. Vincent Charity*, the trial court's dismissal was entered less than three hours after the defendant's counsel failure to appear for the scheduled pretrial conference. *St. Vincent Charity* at ¶ 47. In this case, the missed pretrial conference was held on Tuesday, May 7, 2019, and the trial court did not dismiss the case until Friday, May 10, 2019. Accordingly, Whipple's counsel, unlike the

defendant's counsel in *St. Vincent Charity*, had a reasonable opportunity, prior to the dismissal, to contact the trial court, explain his failure to appear and argue why the case should not be dismissed for failure to comply with the court's order. Whipple's counsel, however, failed to avail himself of that opportunity. Had Whipple's counsel promptly contacted the court after he missed the conference and explained what had occurred, perhaps the dismissal could have avoided.

{¶ 24} Nevertheless, considering the totality the circumstances, we find that the trial court abused its discretion is dismissing Whipple's complaint.

{¶ 25} First, the trial court's order scheduling the May 7, 2019 pretrial conference was ambiguous. The order stated, in relevant part:

> Pretrial set for 05/07/2019 at 09:30 am. Courtroom 23-A. All parties including those with settlement authority must be present. Pretrial to be conducted by telephone to act as a settlement conference in this matter.

{¶ 26} Thus, it is not clear what was required in order to participate in the May 7, 2019 pretrial conference. Was the pretrial conference to be an in-person pretrial conference conducted in Courtroom 23-A? Was it to be a telephonic pretrial conference? If the pretrial conference was to be a telephonic pretrial conference, who was to initiate the call?

{¶ 27} Although it would have been the better practice for counsel to have contacted the court to obtain clarification of these issues before the May 7, 2019 pretrial conference, we cannot say, in light of these ambiguities, that Whipple's counsel's assumptions that that the pretrial conference was to be held telephonically

and that the court would initiate the call (because it had not provided a call-in number or access code as it had done for the prior case management conference) were unreasonable.

{¶ 28} At the time of dismissal, the refiled case had been pending for nearly seven months and was scheduled for mediation. The record reflects that Whipple had been actively prosecuting the case since it had been refiled, appearing at an earlier case management conference, exchanging discovery with defendants and engaging in settlement negotiations. There was no showing that Whipple's counsel's failure to participate in the May 7, 2019 pretrial was willful or in bad faith. And although Whipple's counsel should have promptly contacted the trial court after missing the pretrial conference, his failure to do so was explained, at least, in part, by his communications with opposing counsel, who reached out to Whipple's counsel after he missed the pretrial conference and represented to Whipple's counsel, as an officer of the court, that "the court said they will give you the benefit of the doubt" and would reschedule the missed pretrial conference for May 20, 2019.

{¶ 29} Under the particular facts and circumstances here, counsel's failure to appear for the May 7, 2019 pretrial conference and his failure contact to the court after the missed pretrial conference did not reasonably warrant "'forever deny[ing]'" Whipple consideration of the merits of his claims. *Simmons*, 2014-Ohio-2771, 15 N.E.3d 1206, at ¶ 7, quoting *Ocran*, 2013-Ohio-4603, at ¶ 12. As stated above, the harsh remedy of dismissal with prejudice is reserved for cases in which a party has repeatedly, deliberately and without explanation, failed to comply with the trial

court's orders. Based on the record before us, it cannot reasonably be said that Whipple's conduct was "'so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice,'" *Sazima*, 86 Ohio St.3d at 158, 712 N.E.2d 729, quoting *Tokles*, 65 Ohio St.3d at 632, 605 N.E.2d 936, or that Whipple had otherwise shown "'a complete disregard for the judicial system or the rights of the opposing party,'" *Sazima* at 158, quoting *Moore*, 18 Ohio St.3d at 70, 479 N.E.2d 879.

{¶ 30} Accordingly, the trial court abused its discretion in dismissing Whipple's complaint. We sustain Whipple's first assignment of error. Based on our resolution of Whipple's first assignment of error, his second assignment of error is moot.

{¶ 31} Judgment reversed; case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS WITH SEPARATE OPINION


KATHLEEN ANN KEOUGH, J., CONCURRING WITH SEPARATE OPINION:

{¶ 32} I concur, but write separately because I believe the trial court's dismissal under these circumstances was an abuse of discretion even if we do not apply the heightened abuse-of-discretion standard.

{¶ 33} As set forth in the majority opinion, the trial court dismissed the case because Whipple's counsel missed one pretrial, even though he had actively prosecuted the case and appeared at an earlier case management conference, the parties had exchanged discovery in compliance with the trial court's discovery order, the case was set for mediation, and the parties had engaged in settlement negotiations. As also pointed out by the majority, counsel's failure to attend the May 7, 2019 pretrial was neither willful nor in bad faith because the trial court's order setting the May 7, 2019 pretrial was filled with ambiguities that resulted in counsel's failure to attend. Furthermore, the trial court did not attempt to contact Whipple before dismissing the case, even though counsel had actively participated in the case to that point.

{¶ 34} Under these circumstances, the trial court's attempt to punish Whipple's counsel by dismissing the case was an unduly harsh remedy and patently unfair to the litigants, a fact apparently recognized by appellees because they did not file a brief opposing Whipple's appeal.