[Cite as *Perkowski v. Yonkov*, 2021-Ohio-1879.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| JASON PERKOWSKI, ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 109567 |
| v. | : | |
| RADOSTIN YONKOV, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 3, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926386

*Appearances:*

Michael A. Partlow, *for appellants*.

The Gareau Law Firm Co., L.P.A., and David M. Gareau,
*for appellee*.

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiffs-appellants Jason and Shannon Perkowski ("the Perkowskis") appeal the trial court's dismissal of their complaint with prejudice against defendant-appellee, Radostin Yonkov ("Yonkov"). For the reasons that follow, we reverse the court's judgment and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} The Perkowskis' original complaint against Yonkov was filed December 10, 2019, alleging breach of contract and fraud regarding the Perkowskis' purchase of a home from Yonkov. This complaint was refiled after an earlier action (Cuyahoga C.P. No. CV-19-914243) that had been filed on April 22, 2019, was dismissed by the trial court without prejudice for the Perkowskis' failure to prosecute and failure to attend the scheduled case management conference ("CMC").

{¶ 3} In the refiled action, on January 9, 2020, the trial court issued a journal entry setting a CMC for February 3, 2020, stating:

> Case mgmnt conference set for 02/03/2020 at 01:45 pm. This case is set for a pretrial/case management conference. Counsel for plaintiff(s) shall inform all opposing counsel and/or pro se parties of this date and time. Counsel for all parties are required to be present in person and to be familiar with the underlying facts of the case. Parties not represented by counsel are also required to be personally present. Failure of any partys counsel or pro se party to appear at any scheduled event during the pendency of this case may result in dismissal with prejudice for failure to prosecute and/or judgment being rendered. If a continuance is sought for any reason, the appropriate motion must be filed no less than 7 days before the scheduled event, and the court provided with a courtesy copy on the date of filing.

(Emphasis deleted.) Journal entry (Jan. 9, 2020).

Perkowskis' counsel does not dispute that he received an email from the court with this instruction, but asserts the email was sent to his "spam folder" and therefore he did not see it. As a result, Perkowskis' counsel did not appear for the CMC on February 3, 2020, whereas Yonkov's counsel did. The trial court issued a judgment entry that same day stating it waited until 2:40 p.m. for Perkowskis' counsel and

because this was the second time Perkowskis' counsel failed to attend a CMC, the court dismissed the case with prejudice. According to Perkowskis' counsel, the trial court issued this judgment entry an hour and a half after missing the February 3, 2020 CMC.

{¶ 4} This appeal follows. The Perkowskis raise one assignment of error for our review.

**LAW AND ANALYSIS**

{¶ 5} The Perkowskis' sole assignment of error alleges the trial court abused its discretion by dismissing their complaint with prejudice, without either providing them an opportunity to cure their mistake or first imposing a lesser sanction.

{¶ 6} Civ.R. 41(B) governs the dismissal of complaints for failure to prosecute. Civ.R. 41(B)(1) provides:

> Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 7} We review a trial court's decision to dismiss for lack of prosecution under the abuse of discretion standard. *Whipple v. Estate of Prentiss*, 2020-Ohio-2825, 154 N.E.3d 550, ¶ 14 (8th Dist.), citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). Normally, a trial court abuses its discretion when its decision is arbitrary, unreasonable, or unconscionable; however, when a case is dismissed with prejudice, appellate courts apply a heightened abuse of discretion standard of review to the court's decision. *Id.*

{¶ 8} Civ.R. 41(B)(1)'s notice requirement is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Id.* at ¶ 17, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997). Therefore, our review of the dismissal of Perkowskis' complaint has two parts: first, we must determine whether the court provided sufficient notice, which both informed counsel and provided a reasonable opportunity to defend against it, and second, whether the dismissal constituted an abuse of the trial court's discretion under the heightened standard. *Id.* at ¶ 16.

{¶ 9} It is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. *Id.* at ¶ 17. Therefore, a dismissal with prejudice is reserved for "extreme circumstances" where a party's conduct "'falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.'" *Id.* at ¶ 19, quoting *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999) (internal quotation omitted). A party's conduct must be "so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." *Sazima* at 158, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992).

{¶ 10} This court has previously held that a dismissal with prejudice is an extremely harsh sanction for not appearing at a pretrial conference. *Id.* at ¶ 18, citing *Willis v. RCA Corp.*, 12 Ohio App.3d 1, 465 N.E.2d 924 (8th Dist. 1983), paragraph

one of the syllabus ("Dismissal with prejudice for nonappearance at a pretrial hearing is a drastic remedy which should be used sparingly and in extreme situations."). In *Whipple*, this court found the trial court abused its discretion, under the heightened standard, when it dismissed with prejudice plaintiff's complaint after counsel failed to appear for a pretrial conference and failed to contact the court about the nonappearance. *Whipple* at ¶ 29. On review it was found the trial court's clear and unambiguous scheduling order, which warned failure to appear would result in a dismissal, was sufficient notice to inform the parties of the possibility of a dismissal. *Id.* at ¶ 21. Similarly, the dismissal did not occur until three days after the missed pretrial conference, which provided counsel sufficient time to reasonably defend against the dismissal. *Id.* at ¶ 5. However, despite sufficient notice the court found the missed pretrial did not reasonably warrant "forever denying" Whipple consideration of the merits of his claim because the conduct was not so negligent or irresponsible as to provide substantial grounds for the dismissal. *Id.*

{¶ 11} In another similar case, this court reversed a dismissal of defendant's counterclaim after counsel failed to attend a scheduled pretrial conference. *St. Vincent Charity v. Paluscsak*, 8th Dist. Cuyahoga No. 108641, 2020-Ohio-1501, ¶ 49-50. Just as the Perkowskis allege in this case, in *St. Vincent Charity*, the trial court's dismissal was entered less than three hours after defendant's counsel failed to appear for the scheduled pretrial conference. This court found that this brief

period of time did not provide counsel with sufficient notice, much less a reasonable opportunity to defend against the dismissal. *Id.* at ¶ 47.

{¶ 12} Under the particular facts and circumstances here, we find that the trial court failed to provide sufficient notice as required by Civ.R. 41(B)1). While it is unclear in the record when the trial court dismissed the Perkowskis' complaint, it was dismissed the same day as the 1:40 p.m. CMC and sometime after 2:40 p.m., which is how long the trial court's entry states the court waited for counsel. The trial court's scheduling order informed that a dismissal was possible, which satisfies the first half of the notice requirement, as in *St. Vincent Charity*, but it did not provide a reasonable opportunity for the Perkowskis' to defend against the dismissal. *Id.* at ¶ 47.

{¶ 13} We also find that, even if notice had been sufficient, under the totality of the circumstances that the trial court abused its discretion here. Looking at Perkowskis' counsel's behavior, missing a pretrial conference after already having the case dismissed without prejudice for this behavior, does not reasonably warrant forever barring the consideration of the merits of the Perkowskis' claims. There was no showing that Perkowskis' counsel's failure to participate in the CMC was willful or in bad faith. *Id.* at ¶ 28. It cannot be reasonably said that counsel's conduct was "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice" nor has counsel otherwise shown a complete disregard for the judicial system or the rights of the opposing party. *Whipple* at ¶ 29 (internal citations omitted). The "harsh remedy of dismissal with prejudice is

reserved for cases in which a party has repeatedly, deliberately and without explanation, failed to comply with the trial court's orders." *Id.*

{¶ 14} Accordingly, the trial court abused its discretion in dismissing the Perkowskis' complaint. The court wholeheartedly agrees with the separate concurring opinion. We sustain the Perkowskis' only assignment of error.

{¶ 15} Judgment reversed; case remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS AND CONCURS WITH THE SEPARATE CONCURRING OPINION;
SEAN C. GALLAGHER P.J., CONCURS WITH A SEPARATE CONCURRING OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶ 16} I concur fully with the majority opinion. Our case law compels the result. Nevertheless, I am compelled to comment on the understandable frustration this trial court judge, and no doubt others, feel over the inability of some litigators to pay attention to basic scheduling mandates. There is a lot of truth to the old refrain that "90 percent of life is just showing up."

{¶ 17} Conversely, I am also aware that in some trial courts (other than this one) the shoe is on the other foot and it is the attorneys who are inconvenienced. In either scenario, common professionalism and courtesy should cure these defects short of a court of appeals opinion.