[Cite as *Lively v. Reulbach*, 2023-Ohio-613.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| PATRICE LIVELY, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | Nos. 111733 and 111884 |
| JOHN REULBACH, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 2, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-909777

### *Appearances:*

Kisling, Nestico & Redick, Michael A. Saltzer, Esq., and
Christopher J. Van Blargan, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In this consolidated appeal, plaintiff-appellant, Patrice Lively ("Lively"), appeals the trial court's dismissal of her case, without prejudice, and the denial of her Civ.R. 60(B) motion for relief from judgment. Finding that the trial

court erred by dismissing the case, we reverse the judgment and remand the matter back to the trial court.

## I. Facts and Procedural History

{¶ 2} This case arises out of a motor vehicle accident with Lively and defendant-appellee, John Reulbach ("Reulbach"), in July 2016. Lively filed a complaint against Reulbach in November 2017 in *Lively v. Reulbach*, Cuyahoga C.P. No. CV-17-888567. Lively moved to dismiss this complaint without prejudice in September 2018. The trial court granted the motion in October 2018, and Lively refiled her complaint in January 2019.

{¶ 3} Since the refiling, the matter was set for trial four times. The trial was first set for January 21, 2020. This trial was cancelled, and the matter was referred to arbitration. Lively appealed the arbitration award, and the case was returned to the court's docket in March 2020. Trial was then scheduled for May 24, 2021. On May 12, 2021, the court cancelled the trial and rescheduled to December 6, 2021. On this day, the court rescheduled the trial to March 1, 2022. Lively contends that this trial was cancelled on February 25, 2022, by an email from the court's staff attorney.[1] Although this cancellation was not entered on the court's docket, both parties' counsel were informed by the staff attorney by email that trial was cancelled due to the trial court's administrative COVID-19 order. The staff attorney requested new trial dates from counsel. On March 2, 2022, Reulbach's counsel emailed the

---

[1] Lively attached a copy of the email exchange as an exhibit to her Civ.R. 60(B) motion for relief from judgment.

staff attorney with new trial dates. According to Lively, the court never responded to those proposed dates, and on June 16, 2022, the case was dismissed without prejudice. On June 24, 2022, Lively filed an unopposed Civ.R. 60(B) motion for relief from judgment requesting the trial court vacate the dismissal. Lively argued that the parties were waiting for the court to reset a trial date since the March 1, 2022 trial date was cancelled by an email from the court staff attorney on February 25, 2022, because of the court's administrative COVID-19 order; Lively never received prior notice from the court of its intent to dismiss the case; and the dismissal acts as an adjudication on the merits because Lively already used the savings statute.[2]

{¶ 4} Before the trial court ruled on the Civ.R. 60(B) motion, Lively appealed to this court. *Lively v. Reulbach*, 8th Dist. Cuyahoga No. 111733. Lively also filed a motion to stay this appeal and remand the matter for a ruling on her Civ.R. 60(B) motion. We granted her motion and the matter was remanded to the trial court. Following our remand, the trial court denied Lively's Civ.R. 60(B) motion and dismissed the case "pursuant to Civ.R. 41(A)(2)." (Judgment Entry, Aug. 16, 2022.) Lively then filed a second appeal from the trial court's denial. *Lively v. Reulbach*, 8th Dist. Cuyahoga No. 111884. We consolidated both appeals for

---

[2] Ohio's savings statute, R.C. 2305.19, "operates to 'save' certain refiled actions that would otherwise be barred by the applicable statute of limitations when a plaintiff (1) originally commenced an action within the proper time limits, (2) failed other than upon the merits and (3) refiles within one year." *Lakeview Holding (OH), L.L.C. v. Farmer*, 2020-Ohio-3891, 156 N.E.3d 980, ¶ 27 (8th Dist.), citing *CapitalSource Bank FBO Aeon Fin., L.L.C., v. Donshirs Dev. Corp.*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563, ¶ 17, citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 228, 680 N.E.2d 997 (1997).

briefing, hearing, and disposition, and the matter is now before us to review the following assignments of error: [3]

> **Assignment of Error One:** The trial court abused its discretion when it, *sua sponte*, effectively dismissed [Lively's] case with prejudice without reason, explanation, or legal basis and without providing the due process requirements of notice, or an opportunity to be heard.

> **Assignment of Error Two:** The trial court abused its discretion when it effectively dismissed [Lively's] case, *sua sponte*, with prejudice when Appellant had zealously prosecuted her case and the record is devoid of any pattern of intentional, negligent, irresponsible, dilatory, or contumacious conduct by [Lively] or her counsel.

> **Assignment of Error Three:** The trial court abused its discretion in denying [Lively's Civ.R.] 60(B) motion for relief from judgment refusing to vacate an order of dismissal without reason, explanation, or legal basis when the grounds for relief appear on the face of the record and the motion was unopposed.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 5} As an initial matter, we must consider whether this appeal is properly before us. Generally, "a trial court's dismissal of a matter without prejudice is not a final, appealable order." *Lakeview Holding*, 2020-Ohio-3891, 156 N.E.3d 980 at ¶ 18 (8th Dist.), citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8 ("Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, * * * such a dismissal is not a final, appealable order."). "'Courts hold as such because a dismissal without prejudice leaves the parties in the same position

---

[3] We note that Reulbach did not file an appellate brief.

they were in prior to the action being filed; the action is treated as though it had never been commenced.'" *Vaught v. Pollack*, 8th Dist. Cuyahoga No. 103819, 2016-Ohio-4963, ¶ 21, quoting *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017, ¶ 2 (7th Dist.). In some instances, however, "'refiling is not an option because the statute of limitations has already run and the savings statute, R.C. 2305.19, had been previously invoked. In those instances, even a dismissal without prejudice may be a final appealable order.'" *Id.*, quoting *Selmon* at ¶ 2.

{¶ 6} In the instant case, the trial court dismissed Lively's refiled complaint "without prejudice." However, because Lively's complaint had been previously dismissed and then refiled under Ohio's savings statute, the trial court's "without prejudice" dismissal effectively "functioned as a dismissal with prejudice, 'barring Lively's ability to ever re-file the case.'" *Whipple v. Estate of Prentiss*, 8th Dist. Cuyahoga No. 108659, 2020-Ohio-2825, ¶ 15, citing *Vaught* at ¶ 13 ("A party can use the savings statute to refile a case one time only."); *see also Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21; *Gamble v. Patterson*, 155 Ohio App.3d 320, 2003-Ohio-6276, 801 N.E.2d 465, ¶ 19-21 (7th Dist.). Thus, in essence, "'a final judgment has been rendered against [Lively] because the cause has been disposed of and there is nothing left for the determination of the trial court.'" *Lakeview Holding* at ¶ 21, quoting *Natl. City* at ¶ 8. As a result, we find that the trial court's June 16, 2022 dismissal without prejudice is a final, appealable order.

**B. Dismissal of Lively's Complaint**

{¶ 7} Turning to the merits of Lively's appeal, we shall address the first and second assignments of error together as they are interrelated. Lively argues the trial court abused its discretion when it sua sponte dismissed her case without explanation and without providing the due process requirements of notice. She further argues that the history of the litigation and the parties' conduct does not justify a sua sponte dismissal by the trial court. Notably, Lively's contention that the trial court abused its discretion was not disputed by Reulbach at the trial court or on appeal.

{¶ 8} We review the trial court's dismissal for an abuse of discretion. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 9} Here, the trial court dismissed Lively's case under Civ.R. 41(A)(2), which governs voluntary dismissals and provides in pertinent part:

> (2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.

*Id.*

{¶ 10} However, because Lively never filed a motion requesting a dismissal, the trial court's dismissal is effectively a dismissal under Civ.R. 41(B)(1), which governs involuntary dismissals and provides:

(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

*Id.*

{¶ 11} In *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997), the Ohio Supreme Court recognized a heightened abuse-of-discretion standard that extends to a trial court's dismissal "without prejudice" that has the effect of a dismissal "with prejudice" because the dismissal "forever den[ies] a plaintiff a review of a claim's merits." *Id.* at 372; *Whipple* at ¶ 16; *St. Vincent Charity v. Paluscsak*, 8th Dist. Cuyahoga No. 108641, 2020-Ohio-1501, ¶ 27. Therefore, our review of the trial court's dismissal involves the determination of following two elements: (1) whether the trial court provided sufficient prior notice to Lively that the case could be dismissed under Civ.R. 41(B)(1), and (2) whether the dismissal constituted an abuse of the trial court's discretion under the heightened abuse-of-discretion standard. *Whipple* at ¶ 16, citing *Simmons v. Narine*, 2014-Ohio-2771, 15 N.E.3d 1206, ¶ 9 (8th Dist.), citing *Walker v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 91648, 2009-Ohio-2261, ¶ 8.

## 1. Notice

{¶ 12} Before the trial court can properly dismiss a party's claim for failure to prosecute under Civ.R. 41(B)(1), the record must demonstrate that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 8th Dist. Cuyahoga No. 91287, 2009-Ohio-238, ¶ 12. The purpose of the notice requirement

is to provide the party who is in default of a court order an opportunity to correct or explain the circumstances of the party's default and to provide reasons why the case should not be dismissed with prejudice. *Id.*; citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 647 N.E.2d 1361 (1995). Civ.R. 41(B)(1)'s notice requirement is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49, 684 N.E.2d 319 (1997), citing *Logsdon* at 129. "What constitutes notice and an opportunity to be heard regarding a possible dismissal is examined on a case-by-case basis." *Whipple* at ¶ 17, citing *Hill v. Marshall*, 10th Dist. Franklin No. 12AP-805, 2013-Ohio-5538, ¶ 8.

{¶ 13} In the instant case, there is nothing in the record that would indicate Lively received notice of the trial court's intent to dismiss her complaint. The trial court never gave any explanation as to reason for its dismissal. Rather, the record reveals that in an email exchange with the court's staff attorney, the trial set for March 2, 2022, was cancelled on February 25, 2022. This cancellation was not entered on the court's docket, but both parties' counsel were informed by the staff attorney that trial was cancelled due to the trial court's administrative COVID-19 order. On March 2, 2022, Reulbach's counsel emailed the staff attorney with new trial dates. According to an affidavit by Lively's attorney, the court never responded to those proposed dates. Lively's attorney was then waiting for a new trial date by the trial court. However, on June 16, 2022, the trial court dismissed the case without prejudice. Under these circumstances, we cannot conclude that Lively received

notice, much less an opportunity to defend against dismissal, before the trial court dismissed her complaint.

## 2. Factors Warranting Dismissal

{¶ 14} The Ohio Supreme Court has stated that the proper factors to consider in reviewing a Civ.R. 41(B)(1) dismissal with prejudice include

> the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. *See Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 633-635, 82 S. Ct. 1386, 1390-1391, 8 L.Ed. 2d 734, 740-741; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St. 3d 576, 635 N.E.2d 14, syllabus.

*Jones*, 78 Ohio St.3d at 372, 678 N.E.2d 530.

{¶ 15} In the instant case, we find no basis upon which to conclude that Lively's conduct or her counsel's counsel warranted a dismissal of the complaint. The record reflects that Lively actively prosecuted the case through discovery, arbitration, and the final pretrial. Lively filed documents in anticipation of trial, including her expert's video, trial deposition, trial brief, jury instructions, and a stipulation of negligence by Reulbach. Based on the email exchange between the parties' attorneys and the staff attorney, the parties were waiting on a new trial date to be set by the court.

{¶ 16} Under these circumstances, counsel awaiting a new trial date did not reasonably warrant "forever denying" Lively the consideration of the merits of her complaint. "[T]he harsh remedy of dismissal with prejudice is reserved for cases in which a party has repeatedly, deliberately and without explanation, failed to comply

with the trial court's orders." *Whipple*, 2020-Ohio-2825, 154 N.E.3d 550 at ¶ 29. Based on the record before us, it cannot be said that Lively's conduct provided grounds for a dismissal with prejudice. As a result, we find that the trial court abused its discretion in dismissing Lively's complaint.

{¶ 17} Accordingly, the first and second assignments of error are sustained.

{¶ 18} In the third assignment of error, Lively argues the trial court abused its discretion when it denied her Civ.R. 60(B) motion for relief from judgment. Our disposition, however, of the first assignment of error renders this assigned error moot. App.R. 12(A)(1)(c).

## III. Conclusion

{¶ 19} The trial court abused its discretion when it dismissed Lively's complaint on June 16, 2022. The trial court's dismissal without prejudice, in the instant case, effectively served as a dismissal with prejudice. Furthermore, there is nothing in the record upon which to conclude that Lively received notice of the trial court's intent to dismiss her complaint and that Lively's conduct or her counsel's conduct warranted a dismissal of the complaint.

{¶ 20} Accordingly, judgment is reversed and the case is remanded to the trial court.

Costs are waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN A. GALLAGHER, J., CONCUR