[Cite as *Stern v. Rob Oldham Properties, L.L.C.*, 2022-Ohio-2273.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JERRY M. STERN VICTIM OF NAZI     :
PERSECUTION,

       Plaintiff-Appellee,       :

                                   No. 110940

       v.                         :

ROB OLDHAM PROPERTIES,        :
LLC, ET AL.,

       Defendants-Appellants.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 30, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917105

---

### *Appearances:*

Harold Pollock Co., L.P.A., and Harold Pollock, *for appellee.*

L. Bryan Carr, *for appellants*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendants-appellants, Rob Oldham ("Oldham") and Rob Oldham Properties LLC ("Oldham Properties") (collectively "appellants") appeal the order of the trial court appointing a receiver in this matter. For reasons that follow, we affirm.

{¶ 2} A detailed recitation of the underlying facts in this case can be found in the recent decision of *Stern v. Rob Oldham Properties, L.L.C.*, 8th Dist. Cuyahoga No. 110357, 2022-Ohio-1232. In summary, this case began in March 2018, when Oldham Properties entered into a short-term loan agreement with plaintiff-appellee, Jerry M. Stern Victim of Nazi Persecution Successor Trust ("the Trust"). The Trust loaned Oldham Properties $750,000 to fund the purchase of ten rental properties. The terms of the loan required monthly interest-only payments of $7,500 for a one-year period, with the principal amount due in full on March 9, 2019. *Id.* at ¶ 3.

{¶ 3} After appellants failed to make the final balloon payment on the loan, the Trust hired a management company to manage the properties and collect rents pursuant to the mortgage agreement. *Id.* at ¶ 4.

{¶ 4} In June 2019, the Trust filed a complaint against appellants seeking judgment on the loan, attorney fees, late fees, costs, and interest pursuant to the terms of the loan. *Id.* at ¶ 5.

{¶ 5} On November 8, 2019, the Trust moved for summary judgment against Oldham Properties. On December 13, 2019, the trial court partially granted the Trust's unopposed motion but held the issue of damages in abeyance. *Stern* at ¶ 5.

{¶ 6} On January 31, 2020, the Trust filed a motion to appoint a receiver. The Trust argued that they were entitled to a receiver based on the terms of the mortgage loan and the receivership statute, R.C. 2735.01(A)(2) and (3) (receiver

may be appointed in an action for foreclosure when the mortgagor has consented in writing to the appointment of a receiver and/or to enforce a contractual assignment of rents and leases).

{¶ 7} While awaiting disposition of the motion, the Trust filed an amended motion to appoint a receiver noting the trial court's partial summary judgment against Oldham Properties and, again, requesting a receiver under R.C. 2735.01(A)(2) and (3).

{¶ 8} On August 18, 2020, the trial court conducted a hearing addressing a number of issues, including both of the Trust's receivership motions. The trial court summarily denied both motions.

{¶ 9} After numerous additional motions filed by both parties, the case was set for trial on February 1, 2021. At that point, there were only a few issues remaining for trial, including damages. *Sterns,* 8th Dist. Cuyahoga No. 110357, 2022-Ohio-1232, at ¶ 16. Following a hearing and presentation of evidence, the court awarded damages to the Trust in the principal amount of $750,000, plus $30,000 in late fees, plus interest at 18 percent per annum from the date of default, plus attorney fees in the amount of $139,417.74. The trial court credited appellants the sum of $48,728.23. *Id.* at ¶ 28.

{¶ 10} On February 26, 2021, the Trust transferred the judgment to Cleveland Municipal Court ("municipal court") for collection proceedings.

{¶ 11} In the meantime, appellants appealed the trial court's judgment on March 16, 2021. Simultaneously, appellants filed a motion to stay execution of the

judgment pending appeal with a request that no supersedeas bond be required. The trial court denied the appellants' motion on April 2, 2021.

{¶ 12} Subsequently, in the municipal court action, the Trust requested the appointment of a receiver to collect the judgment, which the municipal court denied on June 4, 2021. On June 7, 2021, the Trust withdrew its motion for a receiver in the municipal court.

{¶ 13} On June 21, 2021, the Trust filed a motion with the trial court to appoint a receiver. The Trust argued that receivership was the only "appropriate and effective relief" to satisfy the judgment.

{¶ 14} On July 13, 2021, appellants filed a motion opposing the appointment of a receiver and requesting sanctions against appellee's counsel under Civ.R. 11 and R.C. 2323.51. Appellants noted the trial court's denial of the two previous motions requesting a receiver and the municipal court's subsequent denial.

{¶ 15} The motion for appointment of receiver was heard by the administrative judge on September 8, 2021. At the hearing, in addition to the arguments made in their motion, the appellants argued that the administrative judge did not have the authority or jurisdiction to take over the case. After listening to the arguments of counsel, the administrative judge granted the Trust's motion and ordered the appointment of a receiver.

{¶ 16} Appellants appeal, assigning the following errors for our review:

### Assignment of Error No. 1

The administrative judge's order appointing a receiver is void as the administrative judge had no jurisdiction to hear appellee's motion to appoint receiver.

### Assignment of Error No. 2

The administrative judge erred in granting Appellee's motion to appoint receiver and in denying Appellants' motion for sanctions.

## Law and Analysis

## Jurisdiction of Administrative Judge

{¶ 17} In the first assignment of error, appellants argue that the administrative judge was without jurisdiction to hear the Trust's motion to appoint a receiver and therefore any decisions made were void. We disagree.

{¶ 18} To begin with, we note that there is a difference between subject-matter jurisdiction and a court's jurisdiction over a particular case. "Subject matter jurisdiction 'connotes the power to hear and decide a case upon its merits.'" *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 11, quoting *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). "Jurisdiction over the particular case" involves "'"the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."'" *Id.*, quoting *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, quoting *State v. Swiger,* 125 Ohio App.3d 456, 462, 708 N.E.2d 1033 (9th Dist.1998).

{¶ 19} When a court has subject-matter jurisdiction, any error in the exercise of jurisdiction over a particular case causes that judgment to be voidable rather than void. *In re M.J.*, 2019-Ohio-1651, 135 N.E.3d 1087 ¶ 12 (8th Dist.) citing

*Pratts* at ¶ 12. "While a void judgment may be challenged at any time, a voidable judgment may only be set aside if successfully challenged on direct appeal." *Id.* at ¶ 10, 12, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28, citing *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 20} Appellants have not challenged the court's subject-matter jurisdiction; they have challenged the administrative judge's authority to act in this case. By rule, the trial court retains subject-matter jurisdiction after a notice of appeal is filed to enforce its judgment, unless the appellant obtains a stay of the trial court's order in accordance with Civ.R. 62(B) and App.R. 7. *2115-2121 Ontario Bldg., L.L.C., v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, ¶ 16. As appellant did not obtain a stay, the trial court retained subject-matter jurisdiction to enforce its judgment, making any improper postjudgment ruling voidable, not void.

{¶ 21} In the instant case, the administrative judge noted:

Upon filing its[, appellee's,] first post-judgment motion for execution, the matter was referred to the Administrative Judge for the Cuyahoga County Court of Common Pleas who is designated to oversee all post-judgment collection proceedings.

{¶ 22} In general, an administrative judge is authorized to act pursuant to the Ohio Rules of Superintendence Rule 4.01. *See In re C.B.*, 8th Dist. Cuyahoga Nos. 101164 and 101165, 2014-Ohio-5339, ¶ 15. With respect to the assignment of cases, Sup.R. 4.01(C) indicates the administrative judge shall "[p]ursuant to Sup.R. 36, assign cases to individual judges of the court * * *." Each court is required to adopt an "individual assignment system," which under Sup.R. 36.01 determines that

"upon the filing in or transfer to a court or a division of the court, a case immediately is assigned by lot to a judge of the court or division, as applicable, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination." Sup.R. 36.011, 36.01, *In re C.B.* at ¶ 15.

{¶ 23} The rules also permit the administrative judge to "take necessary action to assist with the case management of an assigned judge's individual docket" and, for good cause shown, "take necessary action to assist with the case management of the assigned judge's docket." Sup.R. 36.016(A) and (B), *see also Berryhill v. Khouri*, 8th Dist. Cuyahoga No. 105587, 2018-Ohio-1757, ¶ 21. Further, under local rule, the administrative judge of the Cuyahoga County Court of Common Pleas, General Division, "shall be the presiding officer of the General Division and shall have full responsibility for and control over the administration, and docket and calendar of the General Division * * *." Loc.R. 2 of the Court of Common Pleas of Cuyahoga County, General Division.

{¶ 24} The administrative judge's order established that the reason for his acting on the case was that all postjudgment collection actions are assigned to him. Because the rules of superintendence and the local rules give the administrative judge broad discretion to manage the docket and, as good cause was shown, we find that his exercise of authority was within his power as administrative judge.

{¶ 25} Accordingly, we overrule the first assignment of error.

**Trial Court's Appointment of a Receiver**

{¶ 26} In the second assignment of error, appellants argue, first, that the trial court's decision was barred by res judicata, and second, if not barred by res judicata, the appointment of a receiver was not justified based on the facts of the case.

{¶ 27} The doctrine of res judicata states that "'[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Berns Custom Homes, Inc. v. Johnson*, 2021-Ohio-3033, 177 N.E. 3d 636 ¶ 20, (8th Dist.) quoting *Grava v. Parkman*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶ 28} Under the rubric of res judicata, Ohio recognizes both claim preclusion and issue preclusion. *Allan v. Allan*, 8th Dist. Cuyahoga Nos. 110177 and 110179, 2022-Ohio-1488, ¶ 36, citing *State ex rel. A.N. v. Cuyahoga Cty. Pros. Dept.*, 2020-Ohio-5628, 164 N.E.3d 526, ¶ 8 (8th Dist.). Claim preclusion prevents a subsequent action, "by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action.'" *Id.*, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. Issue preclusion prevents "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies.'" *Id.*, quoting *O'Nesti* at ¶ 7.

{¶ 29} Appellant argues that the issue of receivership was previously decided in this case when the trial court denied the Trust's motions to appoint a receiver, and therefore, the trial court erred in reconsidering the issue post-judgment.

{¶ 30} In order to establish issue preclusion, a party must show:

> "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."

*Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶ 31} In *Berns Custom Homes, Inc.*, we recognized the distinction between a final judgment and postjudgment proceedings filed to aid in execution of a final judgment. *Id.* at ¶ 22. In that context, the Trust's postjudgment motion to appoint a receiver was not a "second action." A court has inherent and statutory authority to compel obedience to its orders, including appointing a receiver when necessary. *State ex rel. Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 12, citing *Cramer v. Petrie*, 70 Ohio St.3d 131, 133, 637 N.E.2d 882 (1994), and *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991).

{¶ 32} R.C. 2735.01 specifically provides for the appointment of a receiver either prejudgment or post-judgment. In the post-judgment context, a receiver may be appointed

(4) After judgment, to carry the judgment into effect.

(5) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment.

R.C. 2735.01(A)(4) and (5).

{¶ 33} Therefore, the trial court retained jurisdiction to ensure the execution of its judgment and was not barred from considering the Trust's postjudgment motion to appoint a receiver. However, a party is not automatically entitled to the appointment of a receiver. The appointment of a receiver is seen as an extraordinary remedy that should only be granted when the party seeking appointment has established by clear and convincing evidence that the appointment of the receiver is necessary for the preservation of the party's rights. *Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, at ¶ 14, citing *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 615 N.E.2d 662 (8th Dist.1992).

{¶ 34} Nevertheless, a trial court's decision regarding the appointment of a receiver will not be reversed absent an abuse of discretion. *UBS Fin. Servs. v. Assur. Invest. Mgt., L.L.C.*, 8th Dist. Cuyahoga No. 107954, 2019-Ohio-3661, ¶ 18 citing *Haber Polk Kabat, L.L.P. v. Condos. at Stonebridge Owners' Assn.*, 2017-Ohio-8069, 98 N.E.3d 1172, ¶ 23 (8th Dist.); *Sobin v. Lim*, 2014-Ohio-4935, 21 N.E.3d 344, ¶ 14 (8th Dist.); *Gibbs*, 60 Ohio St.3d at 74, 573 N.E.2d 62. An "'abuse of discretion' is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 35} Our review of an order appointing a receiver is limited to "'the purpose of determining whether there is clear and convincing evidence tending to prove the facts essential to sustain the order.'" *Anter* at ¶ 14, quoting *Malloy v. Malloy Color Lab, Inc.,* 63 Ohio App.3d 434, 436, 579 N.E.2d 248 (10th Dist.1989). Further, we may not consider the weight of the evidence in making our determination. The appointment of a receiver "'may be reversed only when there is a failure of proof which would be essential to support the order.'" *Id.*, quoting *Malloy Color Lab, Inc.* at 436.

{¶ 36} In the instant case, the trial court recognized that the Trust had obtained a judgment against appellants. Further, the trial court found that neither party was satisfied with the management of the properties that were the subject of the agreement. This was evidenced by The Trust requesting a receiver and appellants' complaints about the property manager's failure to adequately report collection of rents and necessary expenses. The trial court noted that under the current situation, "there is no judicial oversight or reporting requirements on the manager, the manager's powers and obligations are not clearly defined leading to ineffective use of the [properties], and the costs involved diminish the return from the [properties]." Accordingly, the trial court found that the appointment of a receiver was necessary to "most efficiently" preserve the value of the properties. The record supported the trial court's decision.

{¶ 37} The judgment in this case was for a substantial amount. The Trust alleged that the property manager had difficulty collecting some rents and that the houses had multiple code violations and tax delinquencies due to appellants' neglect. The Trust argued that a receiver would have more power and control over the properties and be able to manage and collect income, and, if necessary, evict tenants and/or sell properties, if necessary, to recoup the Trust's investment in the properties. These allegations were supported by an affidavit from the property manager. Appellants did not dispute the Trust's arguments, instead focusing on the administrative judge's lack of jurisdiction and the argument that the request was barred by res judicata. Appellants did argue that the Trust's manager did not provide them with reports accounting for the rents and expenses at the properties.

{¶ 38} The trial court therefore had clear and convincing evidence to support the appointment of a receiver. Finding no abuse of discretion, we affirm the second assignment of error.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR